UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN EASTMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>QUEST DIAGNOSTICS INCORPORATED,<br><br>    Defendant. | Case No. 15-cv-00415-WHO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ADDITIONAL TIME TO FILE AMENDED COMPLAINT AND RELATED DISCOVERY REQUESTS**<br><br>Re: Dkt. No. 43 |

On June 9, 2015, I granted defendant Quest Diagnostics Inc.'s motion to dismiss plaintiffs' complaint with leave to amend. Dkt. No. 42. Plaintiffs' amended complaint is due by June 29, 2015. On June 15, 2015, plaintiffs filed an administrative motion captioned "motion to request additional time to file first amended complaint." Dkt. No. 43. Plaintiffs' motion in fact seeks an order requiring Quest to produce documents responsive to seven broad document requests within 15 days, and extending plaintiffs' time to file an amended complaint until 30 days after the documents are produced. *Id*. at 3-5.

Plaintiffs' motion is DENIED. They have yet to file a complaint that states a claim. The Supreme Court has cautioned against subjecting antitrust defendants to burdensome discovery before plaintiffs have stated plausible claims to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("[I]t is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, but quite another to forget that proceeding to antitrust discovery can be expensive. . . . [A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.") (citations and internal quotations omitted); *see also Sky Angel U.S., LLC v. Nat'l Cable Satellite Corp.*, 296 F.R.D. 1, 2-3 (D.D.C. 2013) ("The Rule 8 screening function would be rendered toothless if Sky Angel were

1  entitled to pre-complaint discovery in order to fish for conduct that gives rise to an antitrust
2  violation.").
3       This is not a case where all the relevant information necessary to state a plausible claim is
4  in the hands of the defendant.  Plaintiffs' allegations relate to issues that have been litigated
5  extensively in *Rheumatology Diagnostics Laboratory, Inc. v. Aetna, Inc.,* No. 12-cv-05847-WHO
6  (N.D. Cal) and *State of California ex rel. Hunter Laboratories, LLC v. Quest Diagnostics*
7  *Incorporated,* No. CIV-34-2009 (Cal. Sup. Court) and were the subject of government
8  investigations.  Plaintiffs have access to materials publicly disclosed in those actions and
9  investigations.  Plaintiffs also have access to their own records and other publicly available
10 material and whatever investigative tools are at their disposal.  That may or may not be enough for
11 plaintiffs to state plausible allegations, but their inability to do so to date does not entitle them to
12 fish further for conduct that gives rise to an antitrust violation at Quest's significant burden and
13 expense.
14      Plaintiffs' motion to compel Quest to produce documents is DENIED.  Dkt. No. 43.
15 Plaintiffs may have until July 6, 2015 to file their amended complaint.
16 **IT IS SO ORDERED**.
17 Dated: June 22, 2015



WILLIAM H. ORRICK
United States District Judge