UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN EASTMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>QUEST DIAGNOSTICS INCORPORATED,<br><br>    Defendant. | Case No. 15-cv-00415-WHO<br><br>**ORDER ON DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 62 |

    This Order concerns the discovery dispute set out in the joint letter the parties filed on December 31, 2015. Dkt. No. 62. Some background is necessary before addressing the parties' current dispute.

    On June 9, 2015, I dismissed plaintiffs' original complaint with leave to amend. Dkt. No. 42. On June 15, 2015, plaintiffs filed an administrative motion seeking an order requiring Quest to produce documents responsive to seven broad document requests. Dkt. No. 43. I denied the motion, observing that plaintiffs had not yet stated a claim, and that this is not a case where all the information necessary to plead a plausible claim is in the hands of the defendant. Dkt. No. 45.

    Plaintiffs submitted a first amended complaint, which I again dismissed with leave to amend. Dkt. Nos. 46, 59. In the dismissal order, I denied plaintiffs' request to supplement the record with a letter (filed nearly three weeks after the hearing on the motion to dismiss) documenting how they had not been allowed to obtain the requested discovery from Quest. *Id.* at 9 n.3. Plaintiffs appealed the dismissal order to the Ninth Circuit but voluntarily dismissed the appeal on December 23, 2015, within two weeks of filing it, after the Ninth Circuit noted that its jurisdiction over the appeal was questionable. Dkt. Nos. 60, 63.

    Plaintiffs have now returned to this Court with another demand for pre-complaint discovery. Dkt. No. 62. They seek the production of Quest's fee-for-service pricing for the years

2013 and 2015 for six geographic areas (Northern California, Southern California, New York, Portland, Seattle, and Tampa) and for twenty-one different routine diagnostic testing codes. *Id.* at 2. Quest opposes. *Id.* at 3-4.

There is nothing about plaintiffs' current discovery request or the current circumstances of this case that warrants a different result from the last time I decided this issue. Plaintiffs remain without a complaint on file that states a claim. As I stated in denying plaintiffs' last discovery request, "[t]he Supreme Court has cautioned against subjecting antitrust defendants to burdensome discovery before plaintiffs have stated plausible claims to relief." Dkt. No. 45; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("[I]t is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, but quite another to forget that proceeding to antitrust discovery can be expensive . . . [A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.") (internal citations and quotation marks omitted); *Sky Angel U.S., LLC v. Nat'l Cable Satellite Corp.*, 296 F.R.D. 1, 2-3 (D.D.C. 2013) ("[Plaintiff] points to no case in which a court has granted pre-complaint discovery in order to identify the underlying conduct that gives rise to a cause of action . . . The Rule 8 screening function would be rendered toothless if [plaintiff] were entitled to pre-complaint discovery in order to fish for conduct that gives rise to an antitrust violation."). While plaintiffs' current discovery request is somewhat narrower than their previous one, the same principles continue to apply.

Further, this still is not a case where all the information necessary to plead a plausible claim is in the hands of the defendant. *See* Dkt. No. 45. Plaintiffs' first amended complaint failed to plausibly establish causal antitrust injury not only because of the lack of specific pricing information, but also because their "attempt to plead Quest's alleged overcharging in the plan/outpatient market [was] at odds with their repeated emphasis on how Quest benefits from its 'substantial economies of scale' and 'large cost advantages' over its competitors." Dkt. No. 59 at 14. I need not decide the issue now, but I assume that plaintiffs could plausibly establish monopoly overcharging in this case, even in the absence of specific pricing information, by pleading other facts that supported such an inference. I do not see how such facts would be exclusively in the

1  "custody and control" of Quest.  Dkt. No. 62 at 2.

2  Nor is it clear to me how the pricing information plaintiffs now seek would be sufficient,

3  on its own, to enable them to cure the deficiencies in their first amended complaint.  Plaintiffs

4  would still lack pricing information for Quest's competitors in Northern California and elsewhere,

5  and would still lack a coherent and plausible explanation as to why it is appropriate to assume that

6  Quest's pricing is attributable to its alleged antitrust violations.

7  For all these reasons, plaintiffs' request for pre-complaint discovery is DENIED.  Plaintiffs

8  may have until January 13, 2016 to file their second amended complaint

9  **IT IS SO ORDERED**.

10 Dated: January 6, 2016



WILLIAM H. ORRICK
United States District Judge